NO. 12-09-00125-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




CHARLES BASS,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS






 MEMORANDUM OPINION


PER CURIAM


 This appeal is being dismissed for want of jurisdiction. Appellant was convicted of
possession of a controlled substance. Sentence was imposed on February 12, 2009.

 Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of
appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless
a motion for new trial is timely filed. Tex. R. App. P. 26.2(a)(1). Where a timely motion for new
trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed
or suspended in open court. Tex. R. App. P. 26.2(a)(2). Appellant did not file a motion for new trial.
Therefore, his notice of appeal was due to have been filed on or before March 16, 2009. However,
Appellant did not file his notice of appeal until April 29, 2009 and did not file a motion for extension
of time to file his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3. See Tex.
R. App. P. 26.3 (appellate court may extend time for filing notice of appeal if, within fifteen days
after deadline for filing notice of appeal, appellant files notice of appeal in trial court and motion
complying with Texas Rule of Appellate Procedure 10.5(b) in appellate court).

 On April 30, 2009, this court notified Appellant that there was no notice of appeal filed
within the time allowed by rule 26.2 and no timely motion for an extension of time as permitted by
rule 26.3. Appellant was further informed that the appeal would be dismissed unless, on or before
May 11, 2009, the information received in this appeal was amended to show the jurisdiction of this
court. Appellant has neither shown the jurisdiction of this court or otherwise responded to its
April 30, 2009 notice. 

 Because this court has no authority to allow the late filing of a notice of appeal except as
provided by Rule 26.3, the appeal must be dismissed. See Slaton v. State, 981 S.W.2d 208, 210
(Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly,
the appeal is dismissed for want of jurisdiction. 

Opinion delivered May 13, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.



























(DO NOT PUBLISH)